IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEIDA KRSO, <br><br> Plaintiff, <br><br> v. <br><br> HOLIDAY AL MANAGEMENT SUB LLC AND HOLIDAY RETIREMENT, <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Seida Krso ("Plaintiff" or "Ms. Krso"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants Holiday Al Management Sub LLC ("Defendant Holiday Al Management") and Holiday Retirement ("Defendant Holiday Retirement") (collectively, "Defendants") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination against Defendant Holiday Al Management with the Equal Employment Opportunity Commission ("EEOC") on March 2, 2022; the EEOC issued its Notice of Right to Sue on June 9, 2022.

5.

Plaintiff filed her Charge of Discrimination against Defendant Holiday Retirement with the EEOC on May 28, 2022.[1]

6.

---

[1] Plaintiff is pending receipt of right to sue as to the second claim, but files this Complaint against both Defendants

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

7.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

## **FACTUAL ALLEGATIONS**

11.

Plaintiff began working for Defendant on or about April 3, 2010 as a Housekeeper/Server.

12.

On April 2, 2021, Plaintiff injured her right hand while working and suffered nerve and tendon damage, inability to curl fingers/grip, and pain all the way up her shoulder and arm. She immediately informed Defendants of her injury.

13.

In August 2021, Plaintiff was advised to work modified duties because of her disability. She requested a reasonable accommodation to work with only her left hand because of her disability. Defendants denied her request.

14.

On November 12, 2021, Plaintiff's doctor, who was approved by Defendants, provided a light duty release that identified her disability as tendonitis and stated that Plaintiff should work limited duty with no lifting over ten pounds with her right hand and no repetitive tasks or gripping with her right hand.

15.

Plaintiff again requested that the Defendants provide her a reasonable accommodation consistent with her doctor's orders that would allow her to not have

to use her right hand while working. Plaintiff provided the note to the Defendants as well. Plaintiff's reasonable accommodation was again denied, and the owner/general manager, KC Patel, yelled at her and demanded that she use both hands while working or would make her do tasks that were very difficult with one hand.

16.

One time, Mr. Patel wanted Plaintiff to write something down, and she could not write because of her hand. Mr. Patel laughed at Plaintiff and said, "You don't know how to write!"

17.

Twelve days after Plaintiff asked for an accommodation and provided her doctor's note, Mr. Patel approached her at work with a piece of paper and said, "You're fired." He told Plaintiff when he fired her that she was not getting any better, and he had to find someone else.

18.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretextual. Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

19.

Plaintiff requested a reasonable accommodation for her disability.

20.

Specifically, Plaintiff requested limited duty with no lifting over ten pounds with the right hand and no repetitive tasks or gripping with the right hand.

21.

Defendant failed to engage in the interactive process with Plaintiff to provide her with a reasonable accommodation, even though doing so would not have been an undue hardship.

22.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protected activity.

23.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

24.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## **CLAIMS FOR RELIEF**

## **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

25.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

26.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

27.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

28.

Defendant was aware of Plaintiff's disability.

29.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

30.

Plaintiff has a record of having a disability and/or perceived disability such that they are a person with a disability within the meaning of the ADA, as amended.

31.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

32.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

33.

Defendant terminated Plaintiff's employment because of her accommodation requests.

34.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

35.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

36.

Defendant treated other employees outside Plaintiff's protected class differently.

37.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

38.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their disability.

40.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected their psychological and physical well-being.

41.

As a result of Defendant's discriminatory actions against Plaintiff, Plaintiff has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

42.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

43.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

44.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

45.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

46.

Plaintiff's inability to use her right hand is a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

47.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

48.

Defendant was aware of Plaintiff's disability.

49.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

50.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

51.

Plaintiff requested that Defendant accommodate her disability by limited duty with no lifting over ten pounds with the right hand and no repetitive tasks or gripping with the right hand.

52.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

53.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

54.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

55.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith. Defendant willfully disregarded Plaintiff's request and even made fun of her because she could not use her right hand.

56.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of their disability.

57.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected their psychological and physical well-being.

58.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

60.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

61.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

### COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

62.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

63.

Plaintiff has a physical impairment, the injury to her right hand, which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

64.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

65.

Defendant was aware of Plaintiff's disability.

66.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

67.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

68.

Plaintiff's request for an accommodation of their disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

69.

Defendant retaliated against Plaintiff by terminating their employment on the basis of their request for an accommodation.

70.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

71.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

72.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

73.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

74.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

75.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages,

equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

76.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

77.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA, AS AMENDED

78.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

79.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

80.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

81.

Defendant was aware of Plaintiff's disability.

82.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

83.

Defendants subjected Plaintiff to a hostile work environment on the basis of her disability.

84.

Defendants created a workplace that was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment.

85.

Plaintiff was subjected to conduct that was both objectively and subjectively offensive, such that a reasonable person in Plaintiff's position would find it abusive.

86.

Plaintiff did, in fact, find the conduct abusive.

87.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

88.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

89.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

90.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

91.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

92.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

93.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

**BARRETT & FARAHANY**

s/ *Valorri Jones*
Valorri Jones
Georgia Bar No.848714

*Attorney for Seida Krso*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
valorri@justiceatwork.com